FILED
SUPERIOR COURT
OF GUAM

2019 DEC 11 PM 1: 17

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0011-16 |
|---|---|
| vs. | CRIMINAL CASE NO. CF0081-17 |
| MICHAEL BLAIR EHLERT, | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Michael Blair Ehlert's ("Defendant") Motion for Reduction of Sentence, filed September 23, 2019. Defendant is represented by Attorney F. Randall Cunliffe, and the People of Guam ("the Government") are represented by J. Basil O'Mallan III. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order DENYING Defendant's Motion for Reduction of Sentence.

## BACKGROUND

On July 31, 2017, a jury returned a verdict finding Defendant guilty of one count of Attempted Third Degree Criminal Sexual Conduct (As a Second Degree Felony) and one count of Third Degree Criminal Sexual Conduct (As a Second Degree Felony). Defendant was sentenced to twenty four (24) months incarceration for each offense, to be imposed consecutively to one another, for a total of forty-eight (48) months incarceration. (Judgment, Nov. 11, 2017). Thirty (30) months of the sentence was suspended, and Defendant was to serve

eighteen (18) months incarceration, with credit for time served. *Id.* Defendant subsequently appealed and the Supreme Court of Guam affirmed both convictions. *See People v. Ehlert,* 2019 Guam 3. On June 24, 2019, Defendant began serving his sentence of eighteen (18) months of incarceration, with credit for time served. (Commitment Order, Jun. 16, 2019). Prior to commencing this term of incarceration, Defendant was permitted to leave island for work. *See* Order After Hearing Granting Defendant's Request to Travel Off Island and Release of Passport ("Order After Hearing"), Feb. 14, 2019.

On September 23, 2019, Defendant filed a Motion for Reduction of Sentence. On October 9, 2019, the Government filed its Opposition. No Reply was filed.

## DISCUSSION

The reduction of a sentence after entry of judgment is governed by 8 G.C.A. § 120.46, which provides as follows:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction.

8 G.C.A. § 120.46. The trial court has the discretion "to decide if, on further reflection, the original sentence now seems unduly harsh." *United States v. Maynard,* 485 F.2d 247, 248 (9th Cir. 1973). It is essentially a plea for leniency. *Id. See also United States v. Thayer,* 857 F.2d 1358, 1360 (9th Cir. 1988) (a motion to reduce sentence is essentially a plea for leniency). When considering a defendant's proffered request for leniency, the Court reviews the Motion for the presentation of redemptive facts not available at the time of sentencing or for compelling arguments, sufficiently persuasive for the Court to reconsider and reweigh the factors evaluated at the defendant's initial sentencing hearing.

Defendant moves the Court to reduce his sentence because "the legislature has provided the court the authority to do so." (Mot. at 2). Defendant argues that his sentence should be

reduced because he immediately returned to Guam upon the issuance of the Supreme Court of Guam's Opinion and that he was under pre-trial house arrest for over two years. *Id.* The Government opposes, arguing that there is no reason for the reduction of Defendant's imposed sentence, and that the "48-month, 18 months to serve sentence is appropriate to incapacitate and deter the Defendant from committing further crime." (Opp'n at 3). The Government further argues that "[a]ny reduction of his sentence will revictimize the victims." *Id.*

The Court is not persuaded by Defendant's arguments that a reduction of sentence is warranted in this matter. The Court acknowledges Defendant's immediate return to Guam after his convictions were affirmed by the Supreme Court of Guam; however, such return was ordered and expected. *See* Order After Hearing, Feb. 14, 2019. Without more, the Court, in its discretion, denies Defendant's Motion.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Reduction of Sentence.

**IT IS SO ORDERED** this 11th day of December, 2019.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
1) HPU
2) Ackermann
DEC 1 1 2019 Time: 1:30
Deputy Clerk, Superior Court of Guam

*People v. Ehlert*
Case No. CF0011-16 & CF0081-17
Decision and Order